562        SUPREME COURT OF INDIANA.

Centre Township, Marion Co., *v.* The Board of Comm'rs of Marion Co.

CENTRE TOWNSHIP, MARION COUNTY, *v.* THE BOARD OF COM-
MISSIONERS OF MARION COUNTY.

RAILROAD TAX.— *Who Entitled to Funds Arising Therefrom, Forfeited by
Railroad Company.—Statute Construed.—Demand.*—The fund in the hands
of a county treasurer, arising from a tax voted by a township to aid in the
construction of a railroad, where the railroad company has forfeited all
right to the same, under section 18 of the railroad aid act of May 12th,
1869, 1 R. S. 1876, p. 736, and sections 1 and 2 of the supplemental act of
December 24th, 1872, Acts 1872, p. 56, it not having been diverted into
the township funds, belongs to the township, unless it has been demanded
by the taxpayers of the township within two years after the passage of
the act of 1872, or within two years after the forfeiture thereof by the
railroad company ; and such demand, being matter of defence, need not
be negatived in the complaint in an action by a township, against a
county, to recover a tax voted by the township

From the Marion Superior Court.

*A. C. Harris* and *J. T. Dye,* for appellant.

*L. Barbour* and *J. H. Laird,* for appellee.

WORDEN, J.—Consolidated action by the appellant,
against the appellee. The complaints in the two actions
were, after consolidation, considered as separate paragraphs
of one complaint. Both were for the same cause.

Demurrers for want of sufficient facts were sustained to
each paragraph, and judgment was rendered for the
defendant. Judgment affirmed on appeal to general term.

We set out the paragraph which states the case the more
fully, as follows :

"Centre Township, Marion County, Indiana, complains
of the Board of Commissioners of said County of Marion,
and State aforesaid, and says, that prior to January 2d,
1872, the citizens and taxpayers of said Centre town-
ship had, in accordance with the provisions of an act to
authorize aid to the construction of railroads, by counties
and townships taking stock in, and making donations to,
railroad companies, approved May 12th, 1869, donated
unto the Indiana and Illinois Central Railroad Company,

organized to build a railroad from Indianapolis, Marion county, Indiana, to Decatur, Illinois, passing through said Centre township, in said county and State, a large sum of money, to wit, sixty-five thousand dollars, which donation was made upon the conditions in said act provided.

" Said railroad corporation failed to do or perform any work on its said railroad, in said Centre township, or to comply with the conditions of said act on its part, and never, at any time, became entitled to receive said money, or any portion thereof. It did not commence work on said line of railroad within one year after the levy of said tax, which was on the 17th day of June, 1870, nor did it complete said railroad within three years from said levying, nor has the said railroad ever, or any part thereof in Centre township, or in the State of Indiana, except a small amount of grading done in 1871, in Parke and in Hendricks counties, been put under contract for its construction. But, on the other hand, by a decree of the Circuit Court of the United States for the District of Indiana, said railroad and all its property were sold on the 21st day of January, 1875, and the franchise forfeited forever, and said railroad corporation dissolved.

" Prior to January 2d, 1872, there had been collected from the taxpayers of Centre township, under said levy and donation, and paid into the county treasury, a large portion of the said tax or donation, to wit, sixty thousand dollars. On said day said Board of County Commissioners, being lawfully in session for the purpose of transacting county and other business, made the following order, viz.:

" ' RAILROAD FUNDS.

" ' It is ordered by the Board that the tax collected, according to a vote of Centre township, for furnishing aid to the Indiana and Illinois Central Railroad, be at the disposal of the Board for county purposes, until the conditions shall be complied with by said railroad company, so

564     SUPREME COURT OF INDIANA.

Centre Township, Marion Co., v. The Board of Comm'rs of Marion Co.

as to entitle said company to use the money paid to them, or till some other disposal shall be required to be made of the money according to law. And it is ordered that when such funds are required to be paid to such railroad company, if at all, or to Centre township, or for any other purpose, the same shall be paid by the order of this Board, from the general funds of the county treasury.'

" Which order was duly signed by the members of said Board of County Commissioners, and a copy thereof was served on the county treasurer, who then paid said moneys, under said order, into the general fund of the county, and the same were used by the county for general county purposes. Afterward, during the years 1872 and 1873, the remainder of the said money was collected by the said treasurer and paid to the defendant under said order.

" The plaintiff says that the defendant is liable to pay interest on said money from the date of its appropriation thereof to its own use, on said 2d day of January, 1872, and the other sums from the day the same were paid to the defendant. A bill of particulars is filed herewith, showing the dates and amounts so received. Said moneys were raised by a tax on the property in Centre township only, although there are many other townships in the said county, viz.:" (naming the townships) "in each of which there is a large amount of taxable property, viz., forty millions of dollars.

" Wherefore, by the provisions of the said act, as declared in section 18, the railroad company not having complied with the conditions precedent, and thereby not being entitled to receive the gift or donation, the same must be paid to this plaintiff, to be turned into the general fund of the township, to be used accordingly. The said sums, with interest, amounting in all to the sum of $100,000, are due and unpaid; and the said board of county commissioners refuses to pay the same to this

plaintiff, or any part thereof, although frequently demanded of and from the defendant.   Wherefore," etc.

The question involved depends upon the proper construction of the 18th section of the act which may be compendiously called the Railroad Aid Act, 1 R. S. 1876, p. 736-740, and the 1st and 2d sections of the act supplemental thereto, approved December 24th, 1872.   Acts 1872, p. 56.

The 18th section, above mentioned, provides that "A failure on the part of the railroad company to commence work upon the railroad in said county within one year from the levying of said special tax, or failure to complete said railroad ready for use within three years from such levying, shall forfeit the rights of such company to such donation, unless the county commissioners, for good cause shown, shall give not to exceed one year's further time in which to complete the same, and the money raised by such special tax shall go into the general funds of the county or township, as the case may be, and be used accordingly."

The two sections of the act of 1872 are as follows:

" Sec. 1.   *Be it enacted,*" etc., " That in all cases where a county or township tax has been levied and collected in pursuance of the provisions of the act to authorize aid to the construction of railroads by counties and townships taking stock in, and making donations to railroad companies, approved May 12th, 1869, and the right of the railroad company to such tax has become forfeited by failure to commence work on, or complete such railroad, as required by said act, the money so levied and collected shall revert, and be refunded by the proper custodians of said money, to each taxpayer in the proportion in which the same was collected, the legal collection fees thereof to be paid out of the general fund of the county:   *Provided, however,* That the county commissioners may determine to place the said tax in the general fund of the county, in which case the

taxpayers thereof shall be credited upon the duplicate in the same proportion in which the tax was collected; and *provided, further,* that the county commissioners and the respective township trustees may determine to place the township tax so collected into the township fund, in which case the taxpayers thereof shall be credited upon the duplicate in the same proportion in which the tax was collected, and in either case the legal collection fees shall be paid out of the county or township fund, as the case may be.

" Sec. 2. In case any of such tax is not diverted into the county or township funds, and is not called for or demanded by the taxpayers thereof within two years after the passage of this act, or within two years after the same shall have become forfeited by the railroad company, then in that event such tax shall revert to and become a part of the county or township fund, as the case may be, and the legal collection fees shall be paid out of the fund receiving said tax."

It is not disputed that the railroad company has forfeited all right to the fund, though it might be well, should any further proceedings be had in the cause, to make it a party, if it has any existence, in order that the rights of all parties may be settled.

Assuming that the railroad has no right to the fund, the question arises as to its proper destination under the provisions of the statutes above quoted. Section 18, standing alone, would doubtless give it to the plaintiff. But the provisions of the act of 1872 must be taken with it. The act of 1872 is supplemental to the former act, and the two must be construed together, so that both may stand, unless the latter is clearly in conflict with the former, in which event the latter must stand, and the former, so far as there is conflict, must fall.

By section 18 of the original act, it was clearly intended

that, where the railroad company had failed as therein stated, the fund should go into the general fund of the county or township, as the case might be.

But this provision is so far modified by the enacting clause of the first section of the act of 1872, that the money, whether levied by county or township, is to be refunded to those who paid the tax. To this enactment, however, there are two provisos: *First*, that the county commissioners may determine to place the tax in the general fund of the county, in which case the taxpayers thereof are to be credited upon the tax duplicate, etc.; and, *Second*, that the county commissioners and the respective township trustees may determine to place the township tax so collected, in the township fund, in which case the taxpayers thereof are to be credited upon the duplicate, etc.

The language of the first proviso, standing alone and construing it literally, is broad enough to cover a township as well as a county tax; for the term " said tax " refers to " a county or township tax," previously mentioned. But the context, and the purpose of the act, unite in repelling such construction. We can not readily suppose that the Legislature intended to place a fund raised by a township for the purpose of aiding in the construction of a railroad, or indeed for any other purpose, in the general fund of the county, and give the taxpayers of the county credit for it on the tax duplicate. The Legislature evidently did not intend to authorize a county to appropriate the funds of a township, or of the people of a township, to the benefit of the people of the entire county.

The second proviso places the matter beyond question. In that, township taxes are specially provided for, and as to them it is provided that the commissioners and the respective township trustees may determine to place them in the township fund. The first proviso does not, in our

judgment, authorize the county commissioners to place a township tax in the general fund of the county, but was intended to apply to a county tax only. This construction will make the two provisos harmonious. The first enables the commissioners to place a county tax in the general fund of the county, and the second enables the commissioners and the proper township trustees to place the township tax in the township fund.

The concurrence of the proper township trustees may well have been thought necessary in placing the township tax in the township fund, instead of returning it to the taxpayers, as provided for in the enacting clause of the section. The board of commissioners had no authority whatever to place the tax in question in the general fund of the county, and any order they may have made to that effect is a nullity.

The fund then in the hands of the treasurer of the county, it not having been diverted into the township funds, belongs to the township, unless it has been called for or demanded by the taxpayers within two years after the passage of the act of 1872, or within two years after the forfeiture thereof by the railroad company; and this by the terms of the 2d section of the act of 1872, as well as by the 18th section of the original act. The two years having expired before this suit was brought, the county is liable to pay over the money to the plaintiff, unless it has been demanded by the taxpayers as above stated; and, if it has been thus demanded, that, we think, should be shown in defence, and such demand need not have been negatived in the complaint.

For these reasons we are of opinion that the demurrer to the paragraphs of complaint was not well taken.

The judgment below at general term is reversed, with costs, and the cause is remanded, for further proceedings in accordance with this opinion.